UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED LEWIS EVANS,

                Petitioner,                Criminal Case No. 13-10078
                                                Honorable Linda V. Parker

v.

STEVEN RIVARD,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

On January 9, 2013, Petitioner Fred Evans (Petitioner) filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in 2010, following a jury trial in the Circuit Court for Wayne County, Michigan, for armed robbery, felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony (second offense). Respondent filed an Answer to the petition on July 19, 2013, contending that the claims asserted lack merit. The Court agrees. Therefore, the Court is dismissing the petition with prejudice.

## I. Factual and Procedural Background

Petitioner's convictions arise from a robbery that occurred on March 7, 2010 in Wayne County, Michigan. At Petitioner's trial, Levi Jones Jr., testified that on

March 7, 2010, his friend of six years– Petitioner– robbed him at gunpoint. Jones testified that on that date, Petitioner drove Jones to a secluded location in Detroit, ostensibly to get a new alternator for Jones' van.  Jones, with his back towards Petitioner, examined the vehicle.  Jones determined the alternator was too old, when he turned around to share his conclusion, Petitioner revealed a firearm.  At gunpoint, Petitioner led Jones into a nearby abandoned house, where he took Jones' watch, shoes, ring, cell phone, and wallet.  Jones testified that Petitioner had seen him win a large sum of money at a card game earlier, but Jones did not have the winnings in his possession at the time.  After taking Jones' possessions, Petitioner apologized for robbing him, explaining that he owed other people money.

Jones' father testified that he received a call from Jones that he had just been robbed and to pick him up from the location of the robbery.  Jones did not immediately tell his father that it was Petitioner who robbed him.  Jones went to the police the next day to report the robbery and name Petitioner as the perpetrator.

Petitioner did not present any evidence at his trail.  During closing argument, Petitioner's counsel asserted that Jones was not a credible witness because of his delay in identifying Petitioner as the assailant.  On rebuttal, the prosecutor responded that if Jones was in fact lying about his friend robbing him, then there

should be some evidence for a motive to do so, but there was no such evidence. Defense counsel objected, and the trial court indicated that it would address the issue when it instructed the jury.  During jury instructions, the trial court instructed the jury regarding the presumption of innocence, that the prosecutor bore the burden of proof, and that Petitioner was not required to testify or present any evidence.

The jury found Petitioner guilty.  The trial court subsequently sentenced Petitioner, as a fourth habitual offender, to concurrent prison terms of 15-to-40 years for the robbery conviction and 2-to-5 years each for the felon-in-possession and carrying a concealed weapon convictions, to be served consecutively to a five-year term of imprisonment for the felony-firearm conviction.

Petitioner filed an appeal in the Michigan Court of Appeals, raising the following claims: (i) the prosecutor committed misconduct by improperly shifting the burden of proof to the defense during closing argument by highlighting Petitioner's choice to remain silent, and (ii) Petitioner was denied the effective assistance of trial counsel by his counsel's failure to object to prosecutorial misconduct.  The Michigan Court of Appeals affirmed in part and remanded for correction of the judgment of sentence.  *People v. Evans*, No. 299803, 2012 WL 516822 (Mich. Feb. 16, 2012).  Petitioner then filed an application for leave to

3

appeal in the Michigan Supreme Court, raising the same claims that he raised in the court of appeals.  The Michigan Supreme Court denied the application, indicating that it was not persuaded the questions presented should be reviewed by the Court. *People v. Evans*, 492 N.W.2d 855 (Mich. 2012).

Petitioner then filed the pending habeas petition.  He raises these claims:

(I)     The prosecutor committed misconduct in closing argument by shifting the burden of proof to the defense and by highlighting Petitioner's choice to remain silent by arguing that reasonable doubt could only consist of an explanation not provided by the defense for why Jones would lie.

(II)    Petitioner was denied the effective assistance of counsel by his trial counsel's abandonment of his objection to the prosecutor's closing argument.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable

4

> determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's

adjudication of a petitioner's claims unless the state court's decision was contrary

to or involved an unreasonable application of clearly established federal law.

*Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).  Additionally, the federal habeas

court must presume the correctness of the state court's factual determinations.  28

U.S.C. § 2254(e)(1).

    The United States Supreme Court has explained the proper application of the

"contrary to" clause of § 2254(d)(1) as follows:

> A state-court decision will certainly be contrary to [the Supreme
> Court's] clearly established precedent if the state court applies a rule
> that contradicts the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts that are
> materially indistinguishable from a decision of this Court and
> nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)(O'Connor, J., concurring).

    With respect to the "unreasonable application" clause, the Supreme Court

has held that a federal court may analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably

applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The

5

Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

The Supreme Court more recently reiterated that AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could  disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, – , 131 S. Ct. 770, 785-86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Applicable Law & Analysis

#### A.  Prosecutorial Misconduct

Petitioner seeks habeas relief on the ground that the prosecutor committed misconduct during his rebuttal argument by suggesting that Petitioner was required to offer evidence to support his defense.  Petitioner argues the prosecutor

6

improperly shifted the burden of proof upon the defendant.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *See Parker v. Matthews*, – U.S. –, 132 S. Ct. 2148, 2153 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claim " 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.' " *Parker*, 132 S. Ct. at 2155 (quoting *Harrington*, 131 S. Ct. at 786-87).

In reviewing whether a prosecutor has deprived a defendant of a fair trial, the court must not consider the prosecutor's conduct in isolation, but rather in the context of the entire proceedings. *Brown v. Payton*, 544 U.S. 133, 144 (2005). Even on direct review, where AEDPA deference does not apply, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone." *United States v. Young*, 470 U.S. 1, 11 (1985).

7

A prosecutor's indirect comment on a defendant's failure to testify or produce evidence, such as a statement that the prosecutor's evidence is uncontradicted, may be unconstitutional. Nevertheless, such a comment is not always impermissible. The constitutionality of the indirect reference depends on the circumstances of the case. *See e.g.*, *Lockett v. Ohio*, 438 U.S. 586, 594-95 (1978). "A prosecutor may comment on a defendant's failure to call witnesses or offer other evidence to support his factual theories so long as the prosecutor's comment does not implicate a defendant's right not to testify." *Skinner v. McLemore*, 551 F. Supp. 2d 627, 646 (E.D. Mich. 2007) (citing *United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994); *United States v. Williams*, 990 F.2d 507, 510 (9th Cir. 1993); *United States v. Sensi*, 879 F.2d 888, 900 (D.C. Cir.1989); *United States v. Dahdah*, 864 F.2d 55, 59 (7th Cir. 1988)). In order to conclude that the prosecutor's remarks amounted to an impermissible comment on a petitioner's failure to testify, the court "must find one of two things: that the prosecutor's manifest intention was to comment upon the accused's failure to testify or that the remark was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir. 1981) (internal quotation omitted).

8

The Michigan Court of Appeals rejected Petitioner's prosecutorial

misconduct claim, reasoning:

> The defense theory of the case was that the victim was not a credible
> witness and lied about defendant committing the crime. In response,
> the prosecutor attempted to argue that the jury should find that the
> victim was a credible witness because he had no reason to lie. The
> prosecutor stated:
>
>> The elephant in the room, ladies and gentlemen, is why,
>> why, why? If Mr. Evans sitting here has done nothing to
>> Mr. Jones, why is Mr. Jones even here? Why is he saying
>> that Mr. Evans did this? Why is he making this up?
>> Why? That's the biggest question of all and I submit to
>> you the Judge is go[ing to] instruct you on reasonable
>> doubt and part of the reasonable doubt instruction is
>> going to tell you that a reasonable doubt is something
>> you can point to and say that's the reason why I doubt it.
>> I submit to you if no reason has been given to you, why
>> Mr. Jones would blame a completely innocent Mr. Evans
>> of doing something he never did, if that's not explained
>> to you, then you don't have a reasonable doubt. You
>> don't have that big reason to say well here it is; here it is;
>> he[re] is Mr. Jones' reason. Here is why he's blaming
>> Mr. Evans from something he didn't do. You don't have
>> that and so you don't I submit to you, ladies and
>> gentlemen, have a reasonable doubt.
>
> Here, the manner in which the prosecutor phrased his argument
> could be construed as suggesting that the jury should not reject the
> victim's testimony unless the defense presented some explanation for
> the victim to falsely accuse defendant. However, the error did not
> deny defendant a fair trial. To the extent that the prosecutor's
> argument could be viewed as improperly shifting the burden of proof,
> the trial court's instructions regarding the presumption of innocence,
> the burden of proof, defendant's right not to testify, and the lawyer's
> arguments cured any error. The trial court's instructions are presumed

> to cure most errors, *Abraham*, 256 Mich. App at 279, and jurors are presumed to follow the court's instructions unless the contrary is clearly shown. *People v. Graves*, 458 Mich. 476, 486 (1998). Here, the trial court's instructions protected defendant's right to a fair trial and rendered any error in the prosecutor's argument harmless beyond a reasonable doubt. *People v. Hyde*, 285 Mich. App. 428, 447 (2009).

*Evans*, No. 299803, 2012 WL 516822, *2-4. The state court's decision was neither contrary to nor an unreasonable application of federal law; and it was not based on an unreasonable determination of the facts.

When viewed in its broader context, the prosecutor's comment was not manifestly intended to comment on Petitioner's failure to testify, nor would it necessarily have been interpreted by the jury as such. The prosecutor did not suggest that Petitioner had any duty to testify or come forward with any evidence. Rather, the prosecutor noted that there was no indication in the evidence presented that the witness had a reason to lie. Further, it was not unreasonable for the Michigan Court of Appeals to find that any impropriety in the prosecutor's argument was cured by the trial court's instructions on the proper burden of proof. Accordingly, Petitioner is not entitled to habeas relief on his prosecutorial misconduct claim.

## B. Ineffective Assistance of Counsel

Petitioner also argues that his trail counsel was ineffective for abandoning his objection to the statement made by the prosecutor during closing argument.

10

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. Amend. VI.  The right to counsel includes the right to the effective assistance of counsel.  *Strickland v. Washington,* 466 U.S. 668, 686 (1984).

To establish the ineffective assistance of counsel, a petitioner first must prove that counsel's performance was deficient. *Strickland,* 466 U.S. at 687.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Id.*  Second, a petitioner must establish that counsel's deficient performance prejudiced his defense.  *Id.*  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*  " 'Surmounting *Strickland's* high bar is never an easy task.' "  *Harrington*, 131 S. Ct at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).  "Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult.  The standards created by *Strickland* and § 2254 are both 'highly deferential . . . and when the two apply in tandem, review is 'doubly' so.  *Id.*

Counsel cannot be deemed ineffective for failing to raise a meritless objection.  *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006).  Here,

Petitioner's ineffective assistance of counsel claim arises out of trial counsel's abandonment of his objection to the prosecutor's rebuttal statements during closing argument.  The Court however, has found Petitioner's prosecutorial misconduct claim to be without merit.  Therefore, trial counsel's abandonment of his objection to that conduct did not constitute constitutionally deficient performance.  As such, Petitioner's ineffective assistance of trial counsel claim lacks merit.

## IV.  Certificate of Appealability

Federal Rules of Appellate Procedure Rule 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253(c).  Rule 11, of the Rules Governing Section 2254 Cases requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, for the reasons stated above, the Court concludes that reasonable jurists would not debate its conclusion that the petition does not state a

claim upon which habeas relief may be granted.  Therefore, the Court declines to

issue a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability will not

issue.

<u>S/ Linda V. Parker</u>
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 10, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or
pro se parties on this date, September 10, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager